UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVIN R. DOUGLAS,

         Plaintiff,

         v.

KEVIN TRINIDAD, et al.,

         Defendants.

Civil Action No. 22-4936 (KMW) (EAP)

**MEMORANDUM ORDER**

       This matter comes before the Court on the Court's *sua sponte* review of Plaintiff Melvin R. Douglas's amended complaint (ECF No. 4) and application to proceed *in forma pauperis* (ECF No. 4-1). Having reviewed the application, this Court finds that Plaintiff has shown an entitlement to proceed without prepayment of fees, and his application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

       In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff alleges that, after Defendants Seagull and Bohnberger, both nurses at the jail in which Plaintiff is detained, failed to provide him with his medication for several days on two occasions, he suffered a heart attack on January 22, 2022. (ECF No. 4 at 6, ECF No. 4-3 at 2-3.) During this event, he requested help from several guards and a sergeant, Defendants Trinidad, Diulio, and Russell, but they refused to aid him as they did not believe him. (ECF No. 4-3 at 2-3.) Plaintiff was eventually taken to medical after another officer found Plaintiff and saw his distress, at which point he was found to be having a heart attack and was treated. (*Id.*) Plaintiff thus seeks to raise claims for deliberate indifference to medical needs as to the three named nurses

and guards, as well against two supervisory officials – Karen Newell, the jail's head of nursing, and Karen Taylor, the jail warden.  (*Id.* at 5.)

Having reviewed the complaint, this Court perceives no basis for the dismissal of Plaintiff's claims against Defendants Trinidad, Diulio, Russell, Seagull, or Bohnberger, and will therefore allow Plaintiff's complaint to proceed against those Defendants.  As to the two remaining supervisory officials, Plaintiff connects them to his claims based entirely on their supervisory position and "failure" to ensure that their staff were properly doing their duties and providing him medication or aid.  Plaintiff's claim against them thus amounts to a supervisory liability claim based on *respondeat superior*.  A defendant in a civil rights action such as this, however, may not be held liable based solely on a *respondeat superior* theory of liability and may instead be held liable only where they are personally involved in the alleged harm.  *See, e.g., Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  As Plaintiff's claims against the two supervisors are premised on an improper theory of liability, and Plaintiff has not pled sufficient facts showing either Defendant Newell or Taylor were personally involved in the alleged mistreatment, Plaintiff's claims against them shall be dismissed without prejudice.

**IT IS THEREFORE** on this **10th** day of February, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4-1) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of the Camden County Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's medical claims shall **PROCEED** at this time against Defendants Trinidad, Diulio, Russell, Bohnberger, and Seagull only; and it is further

**ORDERED** that Plaintiff's claims against Defendants Newell and Taylor are **DISMISSED WITHOUT PREJUDICE**: and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Trinidad, Diulio, Russell, Bohnberger, and Seagull; and it is further

**ORDERED** that Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

**ORDERED** that, upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants Trinidad, Diulio, Russell, Bohnberger, and Seagull pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge